*112]                    *JANUARY TERM, 1792.

---

BRADLEY's Lessee *v.* AGNES BRADLEY.

*New trial.*

Where parol evidence had been allowed to be given of the contents of a deed and of a will, without previous notice to the defendant to produce it, and it appeared, that two of the jury had testified to their brethren, on the question in issue, after the jury had withdrawn, a new trial was granted.

EJECTMENT, tried in Dauphin county. The lands in question were once, incontestably, the lands of the defendant ; for the plaintiff claimed under her. The plaintiff set up an immediate title by the will of Samuel Bradley, deceased (the husband of the defendant), who devised the premises to him, the contents of the will being proved by the person who drew it ; but in order to prove a title in the devisor, parol evidence was also given that the defendant had previously conveyed to him in fee. To rebut this evidence, proof was produced, that the conveyance in fee was executed merely for the purpose of making the devisor a plaintiff in partition; and that, immediately afterwards, that conveyance was destroyed ; and a deed (which was exhibited) made to him for life. The principal question agitated in court was, whether the deed for life was genuine or forged ? But when the jury withdrew, two of them testified to their brethren, that although the defendant had bought the land, yet, the bonds, which she gave for the purchase-money, were unpaid, when she intermarried with the testator, and that the testator had been obliged to discharge them. On this representation, several of the jury, who were before in favor of the defendant's title, concurred in finding a verdict for the plaintiff : and a motion was made for a new trial, on the following grounds :

---

Bradley v. Bradley.

1. That the verdict was against evidence, and the opinion of the court.

2. That the jury had misbehaved, by hearing testimony which was not delivered in open court.

3. That evidence was allowed to be given of the contents of a deed, and of a will, without previous notice to the defendant to produce it.

*On arguing the motion for a new trial, *Ingersoll*, for the defend- [*113 ant, produced the depositions of two of the jurors, setting forth, that, after the jury had withdrawn, two other jurors had affirmed certain matters of fact, which (though the facts were denied at the time) had induced the deponents to find a verdict for the plaintiff : and also the depositions of two witnesses, contradicting the facts that had been so affirmed. *Lewis*, for the plaintiff, produced the depositions of six of the jurors, explaining their conduct, and averring, that the whole twelve were of opinion, that another deed, conveying the premises in fee, had been executed.

After commenting on the evidence, upon the first and second grounds of exception to the verdict, *Ingersoll* cited the following authorities upon the second ground, to show, that the evidence of the misconduct of the jurors was admissible (Cro. Eliz. 189 ; Moore 599 ; 2 Morg. Essay 25 ; 1 Str. 644 ; Salk. 647); and the following authorities upon the third ground, to show, that parol evidence of the contents of a deed can only be admitted, after notice to produce the deed itself (2 T. R. 43, 201 ; 4 Burr. 2489). He also urged, that it was a cause of value ; and in every aspect, merited reconsideration. (1 Dall. 234 ; 12 Vin. Abr. 336, 347 ; 12 Mod. 347–8 ; Doug. 118, 123.)

For the plaintiff, *Lewis* observed, that the verdict was given on a question of fact, after a full hearing, in a case in which a recovery is not conclusive ; and that the principle which influenced courts to interfere with the province of juries, by setting aside a verdict, did not apply to such a case. He investigated the evidence on the trial ; and insisted, that it was not necessary for the plaintiff to produce the deed in fee, but only to establish that it once existed, for no subsequent destruction of it, could revest the estate in the grantor ; that whatever difference of opinion might exist, on other points, the jury were unanimously of opinion, that such a deed was executed ; and it was immaterial to the issue, on the question of title, whether the defendant had paid the purchase-money or not. As to the parol evidence of the will, the copy of one will was produced, and the scrivener who drew the other, besides testifying what passed on the occasion, when the defendant was present, exhibited the original rough notes of the draft.    If this evidence was admissible, it was conclusive ; for she knew of the devise to the plaintiff in fee, and she acquiesced in it.    It was admissible, without notice to produce the will ; because it was not offered to establish a title under the will, but to prove contemporaneous conversations and actions of the parties, from which the fact of an existing conveyance in fee, to the testator, might be inferred.    The general rule, however, is conceded, that in order to introduce parol evidence of the contents of a deed, its existence and loss must be proved ; or proof must be given that it was in the possession of the opposite party, who refused, *after reasonable notice, to [*114 produce it.    But the evidence, in the present case, was not offered to prove the contents of a deed in the defendant's possession; but the contents

Bradley v. Bradley.

of a deed, which she had actually destroyed. The reason of the rule ceasing, the rule itself must cease. The only remaining topic for remark, respects the misconduct of the jurors; upon which, there is an essential variance in the evidence. But it is enough to say, that if the jury did misbehave, the proof of the fact, in order to affect themselves, or their verdict, must proceed from another quarter : it cannot be received on their own depositions. (1 T. R. 11.)

*Ingersoll*, in reply.—The motion for a new trial is as proper, and as much countenanced, in ejectments, as in any other suits. (4 Burr. 2221.) If a deed, given for a special purpose, be afterwards cancelled, and a subsequent deed is accepted by the grantee, for a less estate, the destruction of the first deed will operate . as a revestment. Whether the deed in fee was given for a special purpose, constitutes the great inquiry in the present cause ; and the establishment of the fact will be decisive, one way or the other. Nothing can fairly be inferred, from the supposed acquiescence of the defendant in the devise ; for the devise does not specify the land in question ; but includes it, if it is included, in a general sweeping clause, disposing of all his real and personal estate. The rule, as to giving the contents of deeds in evidence, is not susceptible of the qualifications suggested for the plaintiff ; nor was there any idea, at the trial, that the deed was destroyed, though it was said to be secreted. As to the mode of proving the misconduct of a jury, it must be conceded, that the courts have varied in their opinions and practice. How far jurors should be permitted to accuse themselves of a high misdemeanor, is a doubt. Yet, in 3 T. R., a witness, who had received a bribe, was permitted to prove the act of corrupting him against the defendant ; because, the necessity of the case required it. A similar necessity seems to furnish the same law, in cases like the present. In *Cowperthwaite* v. *Jones* (2 Dall. 55), the jury settled the damages by a mesne form, taken from a calculation of the several sums, which the jurors, individually, set down ; and on a motion for a new trial, the affidavits of the jurors, proving the fact, were read, and considered by the court. That the matters stated were immaterial to the issue, cannot surely avail · the plaintiff ; when it is recollected, that they had a decisive effect against the defendant ; and that they were false.

After advisement, THE COURT were clearly of opinion, that a new trial ought to be granted.

Rule for a new trial absolute.(*a*)

---

(*a*) In *Cluggage* v. *Swan*, 4 Binn. 157, Judge YEATES says, "This case is erroneously reported; I was of counsel with the plaintiff, on the trial, and the late Mr. Bradford, with the defendant. Neither of us took any part in the decision of the motion for a new trial. McKEAN, Chief Justice, was of opinion, that a new trial should be granted; but Judge SHIPPEN thought differently. The plaintiff obtained judgment on his verdict, the court 'being divided in opinion,' and it is thus entered upon the record. It is true, that the affidavits of two of the jurors, stating that two others of the jury had affirmed certain matters of fact, which had induced them to find a verdict for the plaintiff, were read in support of the motion; and also, the depositions of two witnesses contradicting the facts supposed to have been so affirmed; and that the affidavits of six other jurors were read, showing the grounds on which the whole twelve had found their verdict. But it is not usual, when a motion is made for a new trial, to object to

---

the court's receiving evidence of the facts on which it is founded. The common course is, to lay the facts before the court, leaving it to them to judge of their legal operation. The plaintiff's counsel, in that case, went fully into the conduct of the jury, as well as the words of the two parties. They had no reason to fear the effect of the affidavits of the two jurors, while they had more weighty evidence to repel the facts sworn to, and fully explain the conduct of the whole jury. Certain it is, that nothing dropped from either of the members of the court, respecting the conduct of the jury; their difference of opinion rested in a comparison of the conflicting notes."[1]

[1] It is settled, that the testimony of the jurors themselves is not admissible, to impeach their verdict, on the ground of their own misconduct. Cluggage v. Swan, 4 Binn. 150; White v. White, 5 Rawle 61; Willing v. Swazey, 1 Bro. 123; Commonwealth v. Humes, 38 Leg. Int. 94. A juror cannot be examined as to what took place in the jury-room. Norton v. Breitenbach, 1 Pears. 467. But he may testify as to the misconduct of one of the parties to the suit. Ritchie v. Holbrooke, 7 S. & R. 458; Hutchinson v. Sandt, 4 Rawle 240; Thomas v. Chapman, 45 Barb. 98.